<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
MARCEL KATZ,                        :
                                    :   Case No. 3:20-cv-1289-BRM-DEA
            Plaintiff,              :
                                    :
    v.                              :
                                    :
                                    :   **OPINION**
                                    :
AMBIT NORTHEAST, LLC,               :
                                    :
            Defendant.              :
_____ :

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Ambit Northeast LLC's ("Ambit") Motion to Dismiss Plaintiff Marcel Katz's ("Katz") Complaint. (ECF No. 5.) Katz opposes the Motion. (ECF No. 9.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Ambit's Motion to Dismiss is **GRANTED without prejudice**.

**I.    BACKGROUND**

For the purposes of deciding Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

1

This action arises from Katz's longstanding account with the New Jersey Natural Gas Company ("NJNG"). (ECF No. 1-1 at 3.) Katz alleges Ambit unlawfully accessed his consumer account information from NJNG and—from 2013 through 2016—added Katz as a client and sent him "Delivery/Supply" charges. (*Id.* at 3-6.)

On December 12, 2019, Katz filed a seven-count Complaint in the Superior Court of New Jersey, Law Division, Ocean County alleging counts of unlawful enrichment (Counts One, Two, Three, and Four) (the "Unjust Enrichment Claims"), consumer fraud under the New Jersey Consumer Fraud Act ("NJCFA") (Count Five)[1], common law consumer fraud (Count Six), and invasion of privacy (Count Seven). (ECF No. 1-1.) After being served with the Complaint on January 8, 2020, Ambit timely filed a Notice of Removal pursuant to 28 U.S.C. § 1446(d) on February 6, 2020. (ECF No. 1.) On February 27, 2020, Ambit filed a Motion to Dismiss the Complaint. (ECF No. 5.) On March 24, 2020, Katz filed an Opposition to the Motion to Dismiss. (ECF No. 9.)

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds'

---

[1] Plaintiff does not explicitly refer to the NJCFA but does allege Ambit violated "the consumer fraud statute." (ECF No. 1-1 at 5.) For the purposes of this Opinion, the Court will consider Count Five a NJCFA claim.

of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy*

3

*Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

### B.   Federal Rule of Civil Procedure 9(b)

Fraud based claims are subject to a heightened pleading standard, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). For a fraud-based claim, a court may grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b) if the plaintiff fails to plead with the required particularity. *See Frederico v. Home Depot*, 507 F.3d 188, 200-02 (3d Cir. 2007). The level of particularity required is sufficient details to put the defendant on notice of the "precise misconduct with which [it is] charged." *Id.* at 200 (citation omitted). At a minimum, Rule 9(b) requires a plaintiff to allege the "essential factual background that would accompany the first paragraph of any newspaper story—that is, the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir. 2006) (citation omitted). The heightened pleading standard set forth in Rule 9(b) applies to Katz's NJCFA and common law fraud claims. *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) (applying Rule 9(b) to CFA and common law fraud claims).

### III. DECISION

#### A. Unjust Enrichment Claims[2] (Counts One through Four)

Ambit contends Katz's unjust enrichment claims should be dismissed because (1) Katz has failed to plead the elements of an unjust enrichment claim, and (2) there was a valid, enforceable contract between Ambit and Katz. (ECF No. 5-1 at 12-13.)

Under New Jersey law, unjust enrichment "is an equitable remedy resorted to only when there was no express contract providing for remuneration." *Caputo v. Nice-Pak Products, Inc*, 693 A.2d 494, 498 (N.J. Super. Ct. App. Div. 1997) (citing *Van Orman v. American Ins. Co.*, 680 F.2d 301, 311 (3rd Cir. 1982) (applying New Jersey law); *Shapiro v. Solomon*, 126 A.2d 654, 658 (N.J. Super. Ct. App. Div. 1956).

Unjust enrichment imposes liability when a "defendant received a benefit" and defendant's "retention of that benefit without payment would be unjust." *Read v. Profeta*, 397 F. Supp. 3d 597, 643 (D.N.J. 2019) (citing *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519 (N.J. 1994).) To state a claim for unjust enrichment, a plaintiff must show that "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." *Read*, 397 F. Supp. 3d at 643 (citing *Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011)).

Here, Katz has failed to state a claim for unjust enrichment. While this Court recognizes the lenient pleading standards for *pro se* litigants, this liberal construction does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *See Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013). Katz simply alleges he was "unlawfully added"

---

[2] Katz asserts claims for "unlawful enrichment." However, because "unlawful enrichment" is not a valid cause of action under New Jersey law, the Court will analyze Katz's claims under the "unjust enrichment" jurisprudence.

5

to Ambit's client roster which "constitutes theft and unlawful enrichment." (ECF No. 1-1 at 3.) These bare-bones allegations simply list the elements of an unjust enrichment claim and are wholly insufficient to satisfy even a liberal pleading standard. Accordingly, Ambit's Motion to Dismiss the Unjust Enrichment Claims is **GRANTED**.

### B.    Consumer Fraud Claims (Counts Five and Six)

Ambit also contends Counts Five and Six should be dismissed because Katz has failed to adequately plead violations of both the NJCFA and for common law fraud. (ECF No. 5-1 at 13.)

First, to state a cause of action under the NJCFA, a plaintiff must allege the following elements: "(1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009) (citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1087 (N.J. 2007)). With regard to the first element, and "unlawful practice" is defined as:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby.

N.J. Stat. Ann. § 56:8-2

"The NJCFA creates three categories of unlawful practices: affirmative acts, knowing omissions, and violations of state regulations." *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 499 (D.N.J. 2009) (quoting *Vukovich v. Haifa, Inc.*, No. 03-737, 2007 U.S. Dist. LEXIS 13344, at *9 (D.N.J. Feb 27, 2007) (citing *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994))). Affirmative acts require no showing of intent on behalf of the defendant. *See Cox*,

6

647 A.2d at 462*; Fenwick v. Kay Am. Jeep, Inc.*, 371 A.2d 13, 16 (N.J. 1977). "Thus, a defendant who makes an affirmative misrepresentation is liable even in the absence of knowledge of the falsity of the misrepresentation, negligence or the intent to deceive." *Vukovich*, 2007 U.S. Dist. LEXIS 13344, at *9 (citation omitted). "In contrast, when the alleged consumer fraud consists of an omission, a plaintiff must show that the defendant acted with knowledge, thereby making intent an essential element of the fraud." *Id.*

"The third category of unlawful acts consists of violations of specific regulations promulgated under the [NJCFA]." *Cox*, 647 A.2d at 462. "In those instances, intent is not an element of the unlawful practice, and the regulations impose strict liability for such violations." *Id.* (citation omitted). Unlawful acts expressly regulated by other statutes, regulations, or rules not promulgated under the NJCFA can give rise to a NJCFA claim. *See Henderson v. Hertz Corp.*, No. L-6937-03, 2005 WL 4127090, at *5 (N.J. Super. Ct. App. Div. June 22, 2006); *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 696 A.2d 546, 552-56 (N.J. 1997). However, the NJCFA does not create strict liability for violations of other statutes, regulations, or rules not promulgated under the NJCFA. *See Henderson*, 2005 WL 4127090, at *5.

An "ascertainable loss" is one that is "quantifiable or measurable." *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 793 (N.J. 2005). A "plaintiff must suffer a definite, certain and measurable loss, rather than one that is merely theoretical." *Bosland*, 964 A.2d at 749. Additionally, plaintiffs must set forth allegations sufficient to show those losses are causally connected to defendant's alleged conduct. *Bosland*, 964 A.2d at 749. It is not sufficient to make conclusory or broad-brush allegations regarding defendant's conduct; plaintiff must specifically plead those facts. *Torres-Hernandez v. CVT Prepaid Sols., Inc.*, No. 08-1057, 2008 U.S. Dist. LEXIS 105413, at *7 (D.N.J. Dec. 17, 2008).

7

Additionally, to state a claim for common law fraud, a plaintiff must allege "that the defendant materially misrepresented a presently existing or past fact; the defendant knew or believed it was false, intending that the plaintiff would rely on the misrepresentation, and the plaintiff reasonably relied on the misrepresentation and suffered damage as a result." *Catena v. Raytheon Co.*, 143 A.3d 1085, 1093 (N.J. Super. Ct. App. Div. 2016).

Here, Katz fails to satisfy the pleading standards for both his NJCFA and common law fraud claims.

First, Katz's NJCFA claim merely alleges Ambits alleged "actions constitute a violation of the consumer fraud statute." (ECF No. 1-1 at 5.) Katz does not allege any of the elements to satisfy a NJCFA claim. Instead, Katz makes a conclusory allegation that is devoid of facts sufficient to meet the both the elements of the NJCFA and the heightened pleading requirements of Rule 9(b). As such, Katz's NJCFA claim must be dismissed.

Similarly, Katz's common law fraud claim fails. Katz simply asserts the conclusory allegation that Ambit's alleged "actions with intent to charge and defraud [Katz] constitute fraud." Even acknowledging Katz's *pro se* status, such conclusory and bare-bones allegations are insufficient to state a claim for common law fraud.

Accordingly, Ambit's Motion to Dismiss Counts Five and Six of the Complaint is **GRANTED**.

### C.    Invasion of Privacy Claim (Count Seven)

Ambit contends Katz's invasion of privacy claim should be dismissed because Katz has failed to allege the basic elements of an invasion of privacy claim. (ECF No. 5-1 at 17.)

Under New Jersey law, a claim for invasion of privacy "involves the intentional intrusion, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns

that would be highly offensive to a reasonable person." *Dolphin v. Bank of Am. Mortg. Co.*, 641 F. App'x. 131, 134 (3d Cir. 2016). Whether an alleged intrusion would be "highly offensive to a reasonable person" is "a determination that turns on what a person's reasonable expectation of privacy is with respect to the item . . . intruded upon." *Torsiello v. Strobeck*, 955 F. Supp. 2d 300, 315 (D.N.J. 2013). "Thus, an intrusion is not highly offensive when the defendant intrudes into an area in which the victim has either a limited or no expectation of privacy." *Id.*

Here, Katz merely alleges Ambit's "action of accessing [Katz]'s consumer account with NJNG constitutes an invasion of [Katz]'s privacy." (ECF No. 1-1 at 6.) This is insufficient to state a claim for invasion of privacy. First, Katz has not alleged he had a reasonable expectation of privacy in his consumer account with NJNG. Additionally, he has not alleged the "intrusion" would be highly offensive to a reasonable person. As such, because Katz has failed to plead the necessary elements, his invasion of privacy claim must be dismissed. *See Microsoft Corp. v. Softicle.com*, 2018 U.S. Dist. LEXIS 232264, at **6-7 (D.N.J. Apr. 30, 2018) (dismissing invasion of privacy claim that was alleged "in conclusory fashion" and failed to "provide any factual or legal basis" that the alleged conduct would be highly offensive to a reasonable person).

Accordingly, Ambit's Motion to Dismiss Count Seven of the Complaint is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, Ambit's Motion to Dismiss is **GRANTED.** An appropriate order follows.

Date: September 16, 2020            */s/ Brian R. Martinotti*
                                    **HON. BRIAN R. MARTINOTTI**
                                    **UNITED STATES DISTRICT JUDGE**